UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | Case No. 08-M-97 |
| v. | ) | |
| | ) | Mag. Judge Michael T. Mason |
| Matthew Francis Nolan, | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Before the Court is Matthew F. Nolan's motion for a writ of habeas corpus pursuant to 18 U.S.C. § 3188 or, in the alternative, for a grant of bail. For the reasons set forth below, that motion is denied.

On August 31, 2009, this Court entered an Order granting the Republic of Costa Rica's request for the extradition of Nolan for trial on the charge of use of a false document in violation of Article 365 of the Costa Rican Penal Code, and denying Costa Rica's request for extradition on the charges of aggravated homicide and aggravated kidnaping. In that Order, we explained that the evidence before this Court was sufficient to compel a finding of probable cause to extradite Nolan for the charge of use of a false document, and ordered that he remain in the custody of the Metropolitan Correctional Center ("MCC") pending final disposition of the extradition request by the Secretary of State. Nolan now moves this Court, pursuant to 28 U.S.C. § 2241(c)(3), for a writ of habeas corpus ordering his release from custody because the Government has failed to make a final decision on his extradition within two calendar months. In the alternative,

Nolan requests that we grant bail pending the Government's decision on his extradition to Costa Rica.

Where any person who has been committed for rendition to a foreign government is not delivered up and conveyed out of the United States "within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed," this Court, upon proper application, "may order the person so committed to be discharged out of custody, unless sufficient cause is shown . . . why such discharge ought not to be ordered."  18 U.S.C. § 3188.  "The enforcement language applicable to the two-month limitation is not, however, of a mandatory nature."  *In re Extradition of Errol Lloyd Barrett*, 590 F.2d 624, 626 (6th Cir. 1978).  Moreover, if the Government has shown sufficient cause to extend detention, the court may not order discharge.  *Hababou v. Albright*, 82 F. Supp. 2d 347, 349 (D.N.J. 2000) (*citing Barrett v. United States*, 590 F.2d 624 (6th Cir. 1978)).

This Court heard oral arguments on Nolan's motion on November 24, 2009.  At that time, the Government reported that a warrant authorizing Nolan's surrender had, in fact, been issued.  On November 30, 2009, the Government filed a response to Nolan's motion that attached as an exhibit a letter confirming that "on October 30, 2009, the Deputy Secretary of State signed a warrant authorizing the surrender of Mr. Matthew Nolan to the custody of Costa Rican escort agents."  That letter also confirmed that the United States "has deferred the surrender of Mr. Nolan to the Government of Costa Rica until the conclusion of the proceedings against him in the U.S. court or the full execution of any sentence imposed thereby."  Because the Government made a formal decision on the extradition warrant, Nolan's request for a writ of habeas corpus pursuant

to 18 U.S.C. § 3188 is denied.

We are not persuaded by Nolan's claim that release is warranted because he is being held "in continued and indefinite custody," and that his detention violates due process concerns. The State Department has elected to defer Nolan's surrender pending resolution of a five-count indictment filed against Nolan on October 20, 2009. *United States v. Nolan*, No. 09-860 (N.D. Ill.). That indictment states that on or about March 11, 2009 (and while in custody pending a decision on Costa Rica's extradition request), Nolan knowingly made and possessed prohibited objects designed and intended to be used to facilitate an escape from the MCC. Nolan has entered a plea of not guilty as to all counts in that matter.

As Nolan concedes, the Government's decision to defer Nolan's surrender is allowed under the Extradition Treaty with Costa Rica, Oct. 11, 1991, S. Treaty Doc No. 98-17 (1982) and related diplomatic notes (the "Treaty"). Pursuant to Article 14(I) of that Treaty, "[i]f the extradition request is granted in the case of a person who is being prosecuted or is serving a sentence in the territory of the Requested State for a different offense, the Requested State may defer the surrender of the person sought until the conclusion of the proceedings against that person or the full execution of the sentence that may be, or may have been, imposed." This Court does not fault the Government's election to defer surrender as contemplated under the Treaty. *See Hababou*, 82 F. Supp. 2d at 349-50 (finding sufficient cause to delay surrender where the governing treaty permitted a delay in surrendering until final adjudication of domestic matters).

Next, Nolan argues that we should exercise our discretion and allow his release because the Government unnecessarily delayed these proceedings by waiting until

October 20, 2009 to bring charges for alleged conduct that took place in March 2009. The fact that the Government waited seven months before filing charges is not, in and of itself, sufficient to overcome the presumption against bail in extradition cases. *See In re Extradition of Rouvier*, 839 F. Supp. 537, 539 (N.D. Ill. 1993) (collecting cases). Moreover, the Treaty does not preclude the Government from charging Nolan with offenses based on conduct that occurred after his arrest on the extradition charges.

Finally, Nolan argues that this Court should exercise our discretion to grant bail pending extradition due to the conditions of his confinement, specifically his placement in solitary confinement, and related concerns over his mental and physical health. As other courts have recognized, "special circumstances may justify bail pending extradition." *United States v. Latulippe,* 2008 U.S. Dist. LEXIS 110099, *3 (D.N.H. July 3, 2008) (*citing United States v. Zarate*, 492 F. Supp. 2d 514, 515 (D. Md. 2007)); *see also Bolanos v. Avila*, 2009 U.S. Dist. LEXIS 87991, *10 (D.N.J. Sept. 24, 2009) (noting that individuals subject to extradition may be released on bail where there are "special circumstances.") (*quoting Wright v. Henkel*, 190 U.S. 40, 63, 23 S. Ct. 781, 787 (1903)). Special circumstance may include a serious deterioration of the realtor's health or other situation "in which the justification for release is pressing as well as plain." *Hababou*, 82 F. Supp. 2d at 350 (*citations omitted*).

The record before this Court does not support a finding of special circumstances. Nolan's counsel argues that bail is warranted based on the "serious and dangerous mental health consequences of extended periods of solitary confinement" and the "MCC's decision to only allow Mr. Nolan minimal and limited visits with his wife." Nolan's placement in solitary confinement is not controlled by this Court. Rather, as his

4

counsel recognizes, his placement is determined by prison officials.  Nolan also admits that he is receiving treatment for his skin cancer.  *See Latulippe,* 2008 U.S. Dist. LEXIS 110099 at *2-3 ("The fact that a particular treatment, available in some places, is not available to [defendant] during his detention does not create a special circumstance that would exempt him from the presumption of detention."); *see also Bolanos,* 2009 U.S. Dist. LEXIS 87991 at *11 (rejecting bail request on the ground that "[[t]he mere availability of a better, private form of medical treatment is not sufficient to overcome the presumption against bail.").  Accordingly, while we are sympathetic to counsel's arguments regarding the deterioration of Nolan's health, we do not find that it is a special circumstance that warrants his release.

As other courts have recognized, "[t]he rational for not ordinarily granting bail in extradition cases is that extradition cases involve an overriding national interest in complying with treaty obligations."  *Hababou,* 82 F. Supp. 2d. at 351.  "If the United States were to release a foreign fugitive pending extradition and the defendant absconded, the resulting diplomatic embarrassment would have an effect on foreign relations and the ability of the United States to obtain extradition of its fugitives."  *Id.* (*quoting United States v. Taitz*, 130 F.R.D. 442, 444 (S.D. Ca. 1990)).  This overriding national interest further counts against Nolan's request for a grant of bail.  Our prior finding of probable cause on the Use of a False Document charge shows that Nolan is a flight risk.  Nolan's request for a grant of bail is therefore denied.

WHEREFORE, for the reasons set forth above, Nolan's motion for a writ of habeas corpus pursuant to 18 U.S.C. §3188 [42] is denied.  Unless otherwise ordered, Nolan is to remain in custody at the MCC pending the arrival of agents of the Republic

of Costa Rica for the purpose of his extradition to Costa Rica to face trial on the charge of use of a false document.

ENTERED:

_____
**MICHAEL T. MASON**
**United States Magistrate Judge**

**DATED: December 1, 2009**